## W. A. AYCOCK AND G. W. AYCOCK v. NORFOLK-SOUTHERN RAILWAY COMPANY.

(Filed 28 March, 1962.)

**1. Animals § 1;　Railroads § 11—**

A railroad company may not be held liable for injuries to cattle which break through the owner's fence and eat vegetation on the right-of-way, which had been sprayed by the railroad company with a poisonous weed-killer, nor may the railroad company be held under duty to seek out and notify adjacent landowners of the time it proposes to spray weed killer on its right-of-way.

**2. Appeal and Error § 41—**

Where nonsuit would have to be sustained even though all of the evidence offered by plaintiffs were admitted, the exclusion of part of plaintiffs' evidence cannot be prejudicial.

APPEAL by plaintiffs from *Stevens, J.,* August 1961 Term, WAYNE Superior Court.

The appellants, in their brief, succinctly state their case: "The defendant Railroad Company sprayed a highly poisonous weed-killer upon its right of way at a point where its tracks crossed farm lands owned by the plaintiffs. The plaintiffs maintained pastures on both sides of the tracks adjacent to the right of way in which they regularly keep cattle. The weed-killer, sodium arsenate, produces a 'new mown hay' type of odor when sprayed on vegetation which is attractive to cattle. The plaintiffs' cattle broke out of the pasture, went upon the right of way and ate the poisoned grass. Fifty-eight of the cattle died as a result of the poisoning. The plaintiffs instituted this action for the recovery of damages ($8,000) alleging negligence on the part of the defendant in spraying poison upon the right of way. The court refused to admit certain evidence offered by the plaintiffs and granted the defendant's motion of nonsuit made at the close of the plaintiffs' evidence."

One of the plaintiffs offered to testify the defendant had not given prior notice of its intention to treat its right of way with chemicals. The plaintiffs excepted to the court's rulings and judgment, and appealed.

*James N. Smith, F. Ogden Parker, J. Faison Thomson, Jr., for plaintiffs, apepllants.*
*Lucas, Rand & Rose, By Z. Hardy Rose for defendant appellee.*

HIGGINS, J.　The evidence fails to show that any poisonous spray was deposited on plaintiffs' pasture as in *Bivins v. R.R.,* 247 N.C. 711,

102 S.E. 2d 128. On the contrary, the evidence affirmatively shows the cattle broke out of the pasture in which the plaintiffs had them enclosed, wandered upon the defendant's right of way upon which the defendant, as a means of clearing its right of way, had sprayed toxic chemicals. In using the poisonous spray the defendant was under the duty to use reasonable precaution to see that the poison did not damage crops and livestock on adjacent lands. The railroad is not charged with the duty of guarding the right of way against trespassing cattle.

The rule of liability is stated in 3 C.J.S., pp. 1329 and 1330: "In the absence of a statute to the contrary, an owner of property, who is not guilty of gross or wanton negligence, is not liable for injuries to trespassing animals from conditions existing on his property." The rule is differently stated in 2 Am. Jur., pp. 782, 783: "The owner of land, inclosed or uninclosed, is not in general bound to keep his premises safe for the trespassing animals of others. If, in the ordinary use of the property, harm befalls them, their owner, by permitting them to roam at large, is held to have assumed the risk of such injury, and so is denied any right of action on that account." This Court has recognized the rule and followed it in *Morrison v. Cornelius,* 63 N.C. 346.

The plaintiffs' evidence disclosed that the cattle were confined in a grazing boundary in which clover and other grass provided excellent pasture. This pasture was enclosed by fence in good repair, and recently inspected by the plaintiffs. There is nothing in the evidence to charge the defendant with notice the cattle were likely to break the enclosure and trespass on its right of way. The plaintiffs knew the defendant used chemicals in its maintenance work. In fact, the plaintiffs allege on a prior occasion defendant's agent had notified plaintiffs of the intended use of toxic spray, but that it negligently failed to do so on this occasion. The plaintiffs did not live on the farm. The defendant is not under a duty to search out and notify each adjacent landowner of the time it proposes to spray the weeds and brush growing near its tracks. A landowner may assume the practice will be followed as the need requires.

The assignments of error relating to the admission of evidence are nonprejudicial. If the court had admitted all the plaintiffs offered, and some of it was clearly inadmissible, nevertheless nonsuit would have been required. The judgment of the court below is

Affirmed.